## S. W. HARDEMAN v. THE STATE.

An indictment against an overseer of a road for failing to measure the road and set up mile posts, describing it as "road number seven in said county," is insufficient.

The want of the averment in the indictment that the defendant, after six months from his appointment, failed to put up mile posts, is not supplied by any inference to be drawn from the allegation that they were not up on the road on a particular day in the month of December subsequent to his appointment in February of the same year.

APPEAL from Matagorda. Tried below before the Hon. Geo. W. Smith.

Indictment against a road overseer. It charged that the defendant "was appointed overseer of road number seven in Matagorda county on the 16th day of February, 1858," and that he accepted the appointment, and "on the 1st day of December, 1858, the said Hardeman did wholly fail to measure such parts of said road (number seven) as came within his precinct, and did

then and there neglect and fail to set up posts at the end of each mile on said road, with the distance in miles marked thereon, to the court-house, or any other public place in the county."

The defendant moved to quash the indictment because it did not allege that the road led from, or to, the court-house, or other public place; or was in continuation of any such road. And because it failed to show that the defendant neglected his duty within six months after his acceptance of the appointment as overseer. The court overruled the motion. The defendant was convicted and fined five dollars.

*Ballinger & Jack*, for the appellant —The appellant was indicted in the court below for failing to discharge his duties as overseer of a public road, under the act of February 8th, 1858, Art. 1783 of Oldham & White's Digest, and a·fine assessed against him by the jury, from which he appeals.

I. There is manifest error in the refusal of the court to quash the indictment on motion of defendant. The indictment is defective and wholly insufficient. The language of the law, under which it is framed, is as follows: "It shall be the duty of all overseers of public roads to measure such parts of roads as fall within their respective precincts or districts, in continuation, and to set up posts at the end of each mile, leading from the court-house, or some noted place or town, and to mark on the said posts in large, legible figures, the distance in miles to said court-house, or other noted place," &c. (O. & W. Dig., Art. 1783.)

1. The language of the law is not followed in the indictment, (pages 1 and 2 of the record,) nor are the ingredients of the offence clearly stated. (Burch v. The Republic, 1 Tex., 608.)

2. There is no sufficient description of the road: "Such parts of road No. 7, as come within his precinct." It is loose, vague and indefinite. The road should have been accurately described in the indictment, its place of beginning, its termination, instead of everything being left to be cleared up by the testimony. So far as the indictment goes, the defendant is liable to a second indictment for the same offence.

3. It is not charged in the indictment that the road led from

Hardeman v. The State.

the court-house, or any noted place or town. In this the law is specific and clear, requiring the overseer "to set up posts at the end of each mile *leading from the court-house, or some noted place or town*, and to mark on the said posts in large legible figures the *distance in miles to said court-house or other noted place.*" The indictment does not charge that the court-house, or any other noted place in the county, had any connection with the road. The testimony shows (pages 7 and 8 of the record) that the road ran from Elliot's Ferry to Cook's island. The indictment should have alleged that one of these termini was a *noted place.* This is the essence of the offence. Some "noted place" is the place of beginning of the mile posts and sign-boards; otherwise, there can be no fulfillment of the law, and no offence. Neither Elliot's ferry nor Cook's island is named in the indictment. Nor does it appear, except from the evidence, that either of them was a noted place. (Bush v. The Republic, 1 Tex., 455.) These averments are material; and their omission is fatal. Unless the court-house or noted place is named and declared as such, how is the defendant to prove that he has "set up posts at the end of each mile leading from the court-house, or some noted place or town," and that he has "marked on the posts in large, legible figures the distance in miles to said court-house, or other noted place?" And how is the State to prove a failure?

II. It is respectfully submitted that the law requiring such services from the overseer of a road is unconstitutional, there being no compensation, and no means provided to meet necessary expenses to be incurred by the party. (See the evidence, page 9 of the record.) In support of this suggestion the court is referred to the following authorities. (People v. Commissioners of Hudson, 7 Wend., 474; Mendham v. Loezy, 1 Penn., 347.)

On account, therefore, of the insufficiency of the indictment and unconstitutionality of the law, we request the reversal of the case.

ROBERTS, J.—The indictment does not specify with sufficient certainty the road, of which the defendant was appointed overseer, nor the act of negligence which constituted the offence.

It alleges that on a certain day in February, 1858, he was appointed overseer of road number seven in said county, that on a certain day in December, 1858, there were no mile posts up on such parts of said road (No. 7,) as came within his precinct. Thus the indictment itself shows that the road over which defendant was appointed overseer was not properly described. Nor is it alleged that he failed, after six months from his appointment, to put up mile posts, except by inference or argument from the fact that they were not up on the road on a particular day in December. (O. & W. Dig., Art. 1783; The State v. Hail, 21 Tex. R., 587.) The indictment should have been quashed and set aside upon the motion made by the defendant.

Judgment reversed and cause remanded.

Reversed and remanded.